# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **GREG WHEAT**, | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] |
| | ]   CV-04-BE-2372-E |
| **GAMETIME, INC.**, | ] |
| **TIM WILBANKS, and** | ] |
| **JEFF SERRATT**, | ] |
| | ] |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on Defendant GameTime's Motion to Dismiss (doc. 8), Defendant Tim Wilbanks' Motion to Dismiss (doc. 9), and Defendant Jeff Serratt's Motion to Dismiss (doc. 11). For the reasons set forth below, the court finds that the Motions to Dismiss are due to be **GRANTED in part** and **DENIED in part**.

Plaintiff Greg Wheat filed this lawsuit on August 5, 2004 alleging various Title VII violations and Alabama tort claims against Defendants GameTime, Wilbanks, and Serratt. Plaintiff's specific causes of action against GameTime include sexually hostile work environment in Count One, *quid pro quo* harassment in Count Two, retaliation in Count Three, negligence/wantonness in Count Four, invasion of privacy in Count Five, and assault and battery in Count Six[1]. Plaintiff's causes of action against Wilbanks and Serratt include invasion of privacy in Count Five and assault and battery in Count Six.

---

[1] These Title VII classifications are used in this memorandum opinion and order since Plaintiff specifically listed these as claims in his Complaint.

The Complaint alleges that during the course of Plaintiff's employment with GameTime, he was subjected to a sexually hostile work environment that consisted of unwelcome comments, touching, and jokes of an offensive and sexual nature.[2] Plaintiff claims that Wilbanks and Serratt directed this offensive behavior toward him, despite his complaints and refusal to participate in the conduct.[3] Plaintiff asserts that he was disciplined and eventually terminated for his refusal to allow or take part in the offensive conduct.[4]

GameTime, Wilbanks, and Serratt filed separate Motions to Dismiss. Plaintiff responded only to GameTime's Motion to Dismiss. Plaintiff did not address Wilbanks' or Serratt's Motion to Dismiss in his Response.

## II.  STANDARD OF REVIEW

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be proved consistent with the allegations of the complaint. *See Id.* at 735. "In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the

---

[2] Compl., ¶ 11.

[3] *Id.* at ¶ 23.

[4] *Id.* at ¶ 25.

plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Id*. at 735-36.

### III. DISCUSSION

Count One of the Complaint alleges a claim for hostile work environment against GameTime.  GameTimes' Motion to Dismiss does not challenge the sufficiency of Count One.  Accordingly, no action is required by the court as to this claim.

In Count Two, Plaintiff sets forth a claim for *quid pro quo* harassment against GameTime.  To establish a Title VII violation for *quid pro quo* sexual harassment, a plaintiff must prove: (1) that the employee belongs to a protected group; (2) the employee was subject to unwelcome sexual harassment; (3) the alleged harassment was based on sex; and (4) the employee's reaction to the harassment had a tangible effect on his employment.  *Henson v. City of Dundee*, 682 F.2d 897, 909 (11th Cir. 1982).  GameTime's Motion to Dismiss challenges Count Two as not alleging facts regarding the third and fourth prong of the quid pro quo test.  However, the Complaint specifies that the alleged conduct was "severe, pervasive, unwelcomed and offensive comments of a sexual nature...pervasive, unwelcomed and offensive touching of his genitals, buttocks and mid-section; and...pervasive, unwelcomed and offensive exposure to jokes of a sexual nature."[5]  Furthermore, the Complaint states that Plaintiff was "unjustifiably disciplined and then terminated...when he refused to allow or participate in the conduct."[6]  Construing these allegations as true would suffice to meet the third and fourth prongs of the *quid pro quo* test; therefore, GameTime's Motion as to Count Two is **DENIED**.

Concerning Plaintiff's retaliation claim against GameTime in Count Three, Plaintiff must

---

[5]*Id*. at ¶ 11.

[6]*Id*. at ¶ 24.

show that (1) he engaged in statutorily protected conduct; (2) he suffered adverse employment action; and (3) the adverse action was causally related to the protected conduct. *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1291 (11th Cir. 2002). A person engages in statutorily protected conduct by opposing conduct made unlawful by Title VII. 42 U.S.C. § 2000(e)(3)(a). In sexual harassment cases the Defendant violates Title VII when

> the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. The harassing conduct must create both an objectively hostile or abusive environment - one that a reasonable person would find hostile or abusive-and a subjectively hostile environment - one that the victim...subjectively perceive[s]... to be abusive.

*Fleming v. Boeing Co.*, 120 F.3d 242, 245 (11th Cir. 1997).

GameTime argues that Plaintiff's complaints about Wilbank's and Serratt's conduct did not amount to protected activity under Title VII; therefore, Plaintiff did not engage in statutorily protected conduct. However, the Complaint sets forth that Plaintiff was subject to a "sexually hostile work environment"[7] that consisted of "pervasive, unwelcomed and offensive" comments, touching, and exposure to jokes.[8] These allegations, if proven, could constitute a sexually hostile work environment under Title VII; thus, Plaintiff's complaints about the conduct would be statutorily protected. Accordingly, GameTime's motion as to Count Three is **DENIED**.

Count Four of the Complaint requests relief for negligent and/or wanton hiring, training, supervision, and/or retention against GameTime. Because the Complaint makes no allegations regarding the hiring or training of Wilbanks and Serratt, the court will not address the law

---

[7]*Id*. at ¶ 11.

[8]*Id*. at ¶¶ 13-21.

applicable to negligent hiring and training. However, to establish a claim for negligent supervision and retention, the plaintiff must show that (1) the defendant owed him a duty of care; (2) the defendant's employees subjected the plaintiff to incompetent actions; (3) the defendant breached the duty it owed to the plaintiff; (4) the incompetent actions were known, or should have been foreseeable to the defendant; and (5) the defendant's negligence was the proximate cause of the plaintiff's damages. *Bonham v. Regions Mortgage, Inc.*, 129 F.Supp. 2d 1315, 1330 (M.D. Ala. 2001). Although the Complaint does not specify GameTime's duties to Plaintiff regarding their employment relationship, the Complaint does establish an employer/employee relationship between Plaintiff and GameTime[9], and it is settled that an employer has a duty to supervise its employees. *See generally Bonham*, 129 F.Supp. 2d at 1330. The Complaint also avers that Wilbanks and Serratt subjected Plaintiff to illegal actions, Wilbanks and Serrat were both employed by GameTime (Wilbanks in a supervisory position over Plaintiff), the conduct took place at GameTime's work place, GameTime failed to take steps to stop the "sexually charged conduct", and Plaintiff was disciplined and fired for refusing to allow or participate in the conduct.[10] Taken as true, these allegations are sufficient to satisfy the requirements set forth in *Bonham* for a claim of negligent supervision and retention. Accordingly, GameTime's Motion to Dismiss Count Four's claims for negligent and/or wanton supervision and retention is **DENIED**. However, GameTime's Motion to Dismiss Count Four's claims for negligent and/or wanton hiring and training is **GRANTED** because the Complaint contains no allegations regarding the hiring or training of Wilbanks and Serrat.

---

[9]*Id*. at ¶ 10.

[10]*Id*. at ¶¶ 13-22, 24-26.

Plaintiff concedes in his Response that Count Four's claims for back pay, injunctive relief, attorney's fees and costs are due to be dismissed.[11]  GameTime's Motion to Dismiss Count Four's request for back pay, injunctive relief, attorneys fees and costs is, therefore, **GRANTED**..

Count Five sets forth a claim against Defendants GameTime, Wilbanks and Serratt for invasion of privacy.  Plaintiff concedes the claims in Count Five against GameTime should be dismissed.[12]  Furthermore, Plaintiff did not respond to Wilbanks' or Serratt's Motions to Dismiss Count Five.  Defendants' Motions to Dismiss Count Five are, therefore, **GRANTED**.

With respect to Count Six's allegation of assault and battery, Plaintiff concedes Count Six's claim against GameTime should be dismissed.[13]  GameTime's Motion to Dismiss Count Six is thus **GRANTED**.

Neither Wilbanks or Serratt included Count Six in their Motions to Dismiss.  The assault and battery claims, therefore, remain in the case against Wilbanks and Serratt.  However, Plaintiff concedes in his Response to GameTime that Count Six's requests for back pay, injunctive relief, attorney's fees and costs are due to be dismissed.  As to Count Six, these specific requests for relief are therefore **DISMISSED**.

### III.  CONCLUSION

In summary, the Court orders that GameTime's Motions to Dismiss Count Two's claim for *quid pro quo* harassment and Count Three's claim for retaliation be **DENIED**.  GameTime's Motion to Dismiss Count Four is **GRANTED in part** and **DENIED in part**.  Specifically, the

---

[11]Pl's Response in Opp'n to Def. GameTime's Mot. to Dismiss, ¶ 4.

[12]*Id*.

[13]*Id*.

6

Motion is **GRANTED** as to Count Four's claims of negligent and/or wanton hiring or training and **DENIED** as to Count Four's claims of negligent and/or wanton supervision and retention. Furthermore, GameTime's Motion to Dismiss Count Four's request for back pay, injunctive relief, attorney's fees and costs is **GRANTED**.  GameTime's, Wilbanks', and Serratt's Motions to Dismiss Count Five's invasion of privacy claim are **GRANTED**.  GameTime's Motion to Dismiss Count Six is **GRANTED**[14], and Count Six's requests for relief from Wilbanks and Serratt in the form of back pay, injunctive relief, attorney's fees and costs are **DISMISSED**.

      DONE and ORDERED this 8th day of September, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[14]Count Six remains as to Defendants Wilbanks and Serratt.